

ORIGINAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN 15 2008

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| **TODD L. REED,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § |
| | § CIVIL ACTION NO._____ |
| **METHODIST HOSPITALS OF** | § |
| **DALLAS (d/b/a METHODIST HEALTH** | § **3-08CV0072-K** |
| **SYSTEM); MEDHEALTH;** | § |
| **METHODIST TRANSPANT** | § |
| **PHYSICIANS; PHYSICIAN** | § 18356 |
| **ASSOCIATES OF SOUTHWEST** | § |
| **DALLAS, and JOHN F. LACY** | § |
| | § |
| **Defendants.** | |

## PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

**NOW COMES** Todd L. Reed ("Plaintiff" or "Mr. Reed"), who brings this action individually and on behalf of the class of persons defined below, against Defendants Methodist Hospitals of Dallas (d/b/a Methodist Health System) ("MHS"), MedHealth, Methodist Transplant Physicians ("MTP"), Physician Associates of Southwest Dallas ("PASD"), and John F. Lacy ("Lacy," and together with MHS, Transplant, MedHealth, and PASD referred to herein as "Defendants"), and hereby submits the following complaint and request for declaratory, injunctive, and other appropriate equitable relief, as well as attorneys' fees, pursuant to 29 U.S.C. §§ 1132 (a)(2), (a)(3), (g)(1);  28 U.S.C. §§ 2201, 2202; and, Rules 57 and 65 of the Federal Rules of Civil Procedure.  Plaintiff for his complaint alleges as follows:

## SUMMARY OF THE ACTION

1.      This action arises from Defendants' engagement in transactions prohibited by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").   Specifically, Plaintiff alleges Defendants have breached their fiduciary duties under ERISA by failing to adequately investigate the appropriate rate of reimbursement for medical services to be paid, and by engaging in self-dealing, both of which caused the Plan (as defined below) to pay excessive charges for healthcare services rendered to Plan **Participants.**[1]   Through these ongoing transactions, Defendants unjustly enrich themselves, artificially deplete Plan assets, artificially increase required contributions to the Plan by Plaintiff and members of the Class, and effectively deny former employees their rights under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. § 1161, *et seq.*

## THE PARTIES

2.      Mr. Reed is a resident of the State of Texas, Dallas County, and has since May 2003 been a Participant in the Plan.  Plaintiff and all members of the putative Class are current or former Participants in the Plan who contributed to the Plan (normally via an automatic payroll deduction made by their employers—the Defendants other than Lacy).  Prior to October 2007, Plaintiff made contributions via payroll deduction for coverage under the Plan for himself and his two minor children.  Plaintiff is currently a Plan Participant, by virtue of the exercise of his rights under COBRA.   Plaintiff has received medical services from Defendants and other MHS Network (as defined below) providers during the Class Period.

---

[1]   Capitalized terms presented in bold text at their first use in this Complaint and subsequently capitalized throughout have the meaning given to them in ERISA.  *See* 29 U.S.C. § 1002 ("Definitions").

3.      Each Defendant is a **Party in Interest** with respect to the Methodist Health System Employee Group Health Plan, as amended (ERISA plan number 515), a self-funded **Employee Welfare Benefit Plan** (including component programs) sponsored by Defendants (other than Lacy) between January 15, 2002 and the date this case is certified as a class action (hereinafter, the "Plan"). Each Defendant (other than Lacy) is a **Plan Sponsor**, and on information and belief, provides healthcare services to **Participants** in the Plan. Although each Defendant is a Plan **Fiduciary** for purposes of this action, Defendant Methodist Health System ("MHS") is the named Fiduciary under the Plan. As the Plans' named Fiduciary, MHS has delegated its fiduciary obligations with respect to administration of the Plan to Lacy and his predecessors as Senior Vice President, Human Resources, for Methodist Health System.

4.      Defendant Methodist Hospitals of Dallas (d/b/a Methodist Health System) is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 1441 N. Beckley Ave., Dallas, Texas 75203. MHS may be served with process through its registered agent, CT Corporation Systems, at 350 N. St. Paul Street, Dallas, Texas 75201.

5.      Defendant MedHealth is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 1441 N. Beckley Ave., Dallas, Texas 75203. MedHealth may be served with process through its registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201.

6.      Defendant Methodist Transplant Physicians is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 1441 N. Beckley Ave., Dallas, Texas 75203. Transplant may be served with process through its registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201.

7.     Defendant Physician Associates of Southwest Dallas is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 1441 N. Beckley Ave., Dallas, Texas 75203.  PASD may be served with process through its registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201.

8.     Defendant John F. Lacy is an individual residing in the State of Texas, Dallas County. Mr. Lacy may be served with process at his place of business, Methodist Hospitals of Dallas (d/b/a Methodist Health System), Office of Senior Vice President, Human Resources, at 1441 N. Beckley Ave., Dallas, Texas 75203.

9.     Pursuant to ERISA Section 502(h), the Secretary of Labor may be served with this Complaint via certified mail at the Department of Labor, 200 Constitution Avenue NW, Suite 600, Washington, D.C.  20210.

10.    Pursuant to ERISA Section 502(h), the Secretary of Treasury may be served with this Complaint via certified mail at the Depart of Treasury, 1500 Pennsylvania Avenue, NW, Washington, D.C. 20220.

## JURISDICTION & VENUE

11.    The Plan is, and always has been, an Employee Welfare Benefit Plan governed by ERISA.

12.    This Court has exclusive jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1), and jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

13.    Venue is proper in this District and Division under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

**FACTS**

A.   **MHS Plan Structure, Funding and Administration.**

14.   MHS established the Plan in 1998.  MHS has amended the Plan since 1998, but on information and belief, all Plan provisions relevant to this action have remained materially the same since at least January 15, 2002.

15.   The Plan is "self-funded," meaning that the Plan pays a significant portion of the Participants' and **Beneficiaries'** healthcare costs from its own funds (as opposed to through insurance or other third-party funding mechanism).  Plaintiff and members of the Class have also contributed significant amounts to fund the Plan, via payroll deductions and/or directly through premium payments under COBRA.  Accordingly, increases in Plan costs (specifically including the cost of providing Plan healthcare benefits to Participants and Beneficiaries), directly impact the amounts Defendants charge Plaintiff and other members of the Class to fund the Plan.

16.   The provisions of the Plan "steer" Participants and Beneficiaries to utilize healthcare providers, like Defendants, that are either Parties in Interest or healthcare providers that contract directly with Defendants for office space, hospital privileges, or some other item related to the provision of healthcare services (the "MHS Network").

17.   Such "steerage" is accomplished by the Plan paying for a greater percentage of the charges for the healthcare services provided to Participants healthcare providers and facilities in the MHS Network.

18.   In some instances, the Plan pays the entire cost of healthcare services rendered to Participants who utilize providers or facilities in the MHS Network.

19.   Defendants cause the Plan to pay providers and facilities within the MHS Network significantly greater sums for services they provide to Participants, than non-MHS Network

providers and facilities are paid by the Plan for identical healthcare services. These payments by the Plan are much higher than the rates accepted by Defendants and other providers in the MHS Network for the same services rendered to patients who are not Participants, i.e., patients whose healthcare is paid for or arranged by Blue Cross, CIGNA, Humana, Medicare, etc. ("Third-Party Payors").

20.     In some instances, the excessive payments Defendants cause the Plan to make to MHS Network providers and hospital facilities equal 100% of the billed charge for each service rendered.

21.     It is unheard of for healthcare payors operating at arms-length with their network providers and facilities to pay 100% of billed charges, particularly in a competitive market for medical services like the one that exists in the DFW Metropolitan Statistical Area. Indeed, public and private healthcare payors alike demand a substantial discount off of provider billed charges for the kind of steerage Defendants have written into the Plan for their MHS-Network providers and hospital facilities.

22.     To fund these excessive and prohibited payments, Defendants deduct a portion of the monies used to fund the Plan, from the paychecks of Participants, for coverage they elect for themselves and their dependents/Beneficiaries.

23.     Like the payments Defendants cause the Plan to pay MHS-Network providers and facilities, the Plan contributions deducted from Participants' paychecks are artificially inflated.

24.     Participants (like Mr. Reed) who are no longer a Defendant's employee, but who have continued Plan participation by electing COBRA benefits, are particularly affected by Defendants' practices, because under COBRA, the Plan may charge those electing COBRA benefits 102% of "actual Plan costs" plus "administrative fees", but without any employer cost

contribution.  Due to Defendants' practice of causing the Plan to pay excessive charges to Parties in Interest and other providers within the MHS Network, the "actual Plan costs," and therefore COBRA participants' premiums, are wrongfully inflated.

25.     COBRA Participants are typically expensive to treat, and are frequently uninsurable otherwise.  Plaintiff and other members of the Class who have elected, or in the future may elect, COBRA benefits are denied their right to those benefits by the practices of Defendants complained of herein.

**B.     ERISA Violations.**

26.     Defendants' practices alleged herein directly violate 29 U.S.C. §§ 1104-1106, and are made actionable by 29 U.S.C. §§ 1109 and 1132.

27.     The Plan's payments to Defendants are "nonexempt prohibited transactions" under ERISA, between the Plan and a **Party in Interest** to the Plan.  That Defendants caused such payments to be made, failed to prevent such payments, and/or received such payments constitute breaches of their fiduciary duties under ERISA.  The Plan's pervasive business transactions with its Sponsors also create obvious conflicts of interest.

28.     The authorization of excessive payments made by the Plan, and collection of excessive payroll deductions from Participants, constitute breaches of Defendants' fiduciary duties to act solely in the interest of the Plan, its Participants, and Beneficiaries.  At the very least, such transactions evidence a lack of moral prudence on the part of Defendants.

29.     Defendants' nonexempt prohibited transactions and other breaches of fiduciary duty caused Plaintiff and the other Plan Participants to pay artificially inflated payroll deductions.

30.     The Plan, and Defendants' activities with the Plan, are regulated by the Federal Department of Labor, under ERISA.  Defendants have concealed these nonexempt prohibited

transactions from their federal regulators. Specifically, Defendants (other than Lacy), as Plan Sponsors, are required to disclose Party in Interest transactions to the U.S. Department of Labor's Employee Benefits Security Administration, on Schedule G to MHS's annual IRS report (Form 5500). Schedule G to Form 5500 is filed pursuant to 29 U.S.C. § 1024 and 26 U.S.C. § 6058(a). Part III of Form 5500 Schedule G comprises a section where a Plan must disclose nonexempt prohibited transactions.

31.     Defendants have not filed "Schedule G" to their annual Form 5500 for any year during the Class Period, thereby concealing their expressly prohibited transactions from the Secretary of Labor and their federal regulators.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action on behalf of himself and a class of the following persons:

> All persons who are, have been, or become, Plan Participants between the dates of January 15, 2002 and the date this case is certified as a class action. Excluded from the Class are Defendants, their owners and officers, and the MHS Vice Presidents for Human Resources employed by MHS during the Class Period.

33.     The identities and addresses of Class members can be readily ascertained from business records maintained by Defendants.

34.     The requirements of Federal Rule of Civil Procedure 23(a) have been met, in that:

      a.     Members of the Class are so numerous that joinder of all members is impracticable. There are approximately 4,000 Plan Participants reported on Defendants' 2005 Form 5500 who are members of the Class. This number exceeds the number of plaintiffs that can be practicably joined in a single action.

      b.     The Class members share several issues of law and fact, which are addressed more fully below.

      c.     Plaintiff's claims are typical of those of other members of the Class.

    d.      Plaintiff is a member of the Class and will fairly and adequately assert and protect the interests of the Class. The interests of Plaintiff are coincident with, and not antagonistic to, those of other Class members. Plaintiff has retained attorneys who are experienced in class action litigation and in the subject matter of the claims at issue in this case.

35.    With respect to Plaintiff's and the Class' request for relief under ERISA Section 502(a)(3), and alternative claims, the requirements of Rule 23(b)(3) have also been met. A class action is an appropriate method for fair and efficient adjudication of the controversy, given that:

    a.      Common questions of law and/or fact predominate over any individual questions that may arise, such that there would be enormous economies to the courts and the parties in resolving the common issues on a class-wide, instead of a repetitive, individual basis;

    b.      In most instances, Class members' individual claims for restitution, surcharge and/or disgorgement will be determined formulaicly as to all Class members, and are likely too small to make individual litigation of the claims asserted in this case an economically viable alternative;

    c.      Class treatment is required for optimal deterrence and to limit expenses incurred by individual Class members;

    d.      Despite the relatively small size of individual Class member claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive, individual litigation;

e.     No unusual difficulties are likely to be encountered in management of this action as a class action, because the predominating questions of law or fact to be litigated are common to the Class.

36.    Questions of law or fact affecting the Class predominate over those questions affecting only individual members.  Those common questions include:

a.     whether Defendants are Fiduciaries under ERISA;

b.     whether Defendants are Parties in Interest under ERISA;

c.     whether Defendants engaged in nonexempt prohibited transactions under ERISA;

d.     whether Defendants breached their fiduciary duties by failing to act exclusively in the interest of Plan Participants and Beneficiaries;

e.     whether Defendants breached their fiduciary duties by failing to act prudently with respect to the interests of Plan Participants and Beneficiaries;

f.     whether Defendants breached their fiduciary duties by failing to act for the exclusive purpose of providing benefits to the Plan Participants and Beneficiaries;

g.     whether Plan Participants and Beneficiaries are entitled to injunctive relief ending Defendants' nonexempt prohibited transactions under ERISA;

h.     whether Defendants' nonexempt prohibited transactions and/or breaches of fiduciary duty wrongfully deny Participants COBRA rights;

i.     whether Plaintiff and members of the Class are entitled to surcharge as other appropriate equitable relief under ERISA;

j.     whether Defendants' payroll deduction contract prohibits collection of monies from Participants to fund excessive charges paid by the Plan to

Defendants and other MHS Network Providers; and

k.      whether Defendants have been unjustly enriched by collecting monies from Participants to fund excessive charges paid by the Plan to Defendants and other MHS Network Providers.

37.     With respect to Plaintiff's and the Class' request for relief under ERISA Section 502(a)(2), the requirements of Rule 23(b)(1) and 23(b)(2) have also been met in that:

a.      the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for the Defendants; and

b.      Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### Count I
### (Breach of Fiduciary Duty Under ERISA Section 404(a)(1)(A))

38.     Plaintiff incorporates the foregoing allegations in this Complaint by reference.

39.     Defendants, as Plan Sponsors and the designated individual responsible for administration of the Plan, are Plan fiduciaries under ERISA.

40.     Section 404(a)(1)(A) of ERISA requires Plan fiduciaries to "discharge [their] duties with respect to the plan solely in the interest of the participants and beneficiaries for the exclusive purpose of defraying reasonable expenses of administering the plan." 29 U.S.C. 1104(a)(1)(A).

41.     Defendants have failed to discharge their duties with respect to the Plan solely in the interest of the Plan Participants, in violation of ERISA.

## Count II
### (Breach of Fiduciary Duty Under ERISA Section 404(a)(1)(B))

42.     Plaintiff incorporates the foregoing allegations in this Complaint by reference.

43.     Defendants, as Plan Sponsors and the designated individual responsible for administration of the Plan, are Plan fiduciaries under ERISA.

44.     Section 404(a)(1)(B) of ERISA requires Plan fiduciaries to act "with the care, skill, prudence, and diligence under circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims" 29 U.S.C. 1104(a)(1)(B).

45.     Defendants have failed to act with the care, skill, prudence and diligence under circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims, in violation of ERISA.

## Count III
### (Violations of ERISA Section 406(a))

46.     Plaintiff incorporates the foregoing allegations in this Complaint by reference.

47.     Defendants have engaged in "nonexempt prohibited transactions" expressly prohibited by ERISA Section 406(a)(1)(C) and (D) [29 U.S.C. § 1106 (a)(1)(C), (D)].

48.     Specifically, by drafting and adopting the Plan, which steers Participants to themselves, and by causing the Plan to make payments to them, including but not limited to the excessive payments, Defendants have engaged in transactions which they knew, or should have known, constituted a direct or indirect:

> a.     furnishing of goods, services, or facilities between the plan and a party in interest; [and / or]

b.    transfer to, or use by or for the benefit of a party in interest, of any assets of the plan.

### Count IV
### (Violations of ERISA Section 406(b))

49.    Plaintiff incorporates the foregoing allegations in this Complaint by reference.

50.    Defendants have engaged in "nonexempt prohibited transactions" expressly prohibited by ERISA Section 406(b)(2) [29 U.S.C § 1106 (b)(2)].

51.    Specifically, Defendants made excessive payroll deductions to fund the excessive payments Defendants caused the Plan to make to them and other MHS-Network Providers — parties whose interests are adverse to the interests of the Plan, its Participants, and Beneficiaries.

### Count V
### (Violations of ERISA Section 405(a))

52.    Plaintiff incorporates the foregoing allegations in this Complaint by reference.

53.    Each Defendant is a primary violator of ERISA and had knowledge of, conspired to, and/or aided and abetted the other Defendants in their breaches of fiduciary duty and nonexempt prohibited transactions.

54.    Defendants also breached their fiduciary duties, or are otherwise liable for the violations of ERISA set forth herein under Section 405(a) of ERISA. [29 U.S.C. § 1105(a)].

55.    Specifically, each Defendant: (1) knowingly participated in or concealed the breaches of fiduciary duty of the other Defendants as alleged in this Complaint; (2) failed to comply with ERISA Section 404(a)(1), enabling the other Defendants to breach their fiduciary duties as alleged herein; and/or (3) was aware of the other Defendants' breaches of fiduciary duty, and did not attempt to remedy any of those breaches.

## RELIEF SOUGHT UNDER ERISA SECTION 502(a)(3)

56.     Plaintiff and members of the Class request the following relief from each Defendant under Section 502(a)(3) of ERISA, with respect to Counts I through V of this Complaint:

      a.  For the Court to grant restitution, disgorgement, and/or to surcharge Defendants and to make such funds available for distribution among the Plaintiff and members of the Class (the Participants).   These items of relief are equitable, appropriate, and not otherwise available to Plaintiff or the members of the Class under the other provisions of Section 502 of ERISA; and

      b.  For an award of Plaintiff's reasonable and necessary attorney's fees in connection with prosecution of this action pursuant to 29 U.S.C. 1132(g)(1) and the common fund doctrine.

## RELIEF SOUGHT UNDER ERISA SECTION 502(a)(2)

57.     Plaintiff and members of the Class request the following relief from each Defendant on behalf of the Plan pursuant to Section 502(a)(2) of ERISA, with respect to Counts I through V of this Complaint:

      a.  A declaration that Defendants violated ERISA by causing the Plan to steer Participants to providers within the MHS Network;

      b.  A declaration that Defendants violated ERISA by causing the Plan to pay providers within the MHS Network (including Defendants) excessive rates, up to and including 100% of billed charges, for healthcare services rendered to Participants;

      c.  An injunction prohibiting Defendants from causing the Plan to steer Participants to providers in the MHS Network;

d.  An injunction prohibiting Defendants from causing the Plan to pay providers in the MHS Network excessive charges for the healthcare services they render to Participants;

e.  For the Court to order removal of Lacy as Plan Administrator and direct the appointment of an independent, third-party Plan Administrator; and

f.  For an award of Plaintiff's reasonable and necessary attorney's fees in connection with prosecution of this action pursuant to 29 U.S.C. 1132(g)(1) and the common fund doctrine.

### Count VI
### (Alternative Claim for Common Law Breach of Contract against All Defendants Except Lacy)

58.  Plaintiff incorporates the foregoing allegations in this Complaint by reference.

59.  If Defendants contend ERISA provides no remedy directly to Participants for the acts and omissions alleged herein, Plaintiff and members of the Class assert the following alternative claim for breach of contract.

60.  Plaintiff and each member of the Class entered into a payroll deduction agreement that allowed Defendants to deduct or withhold from their compensation, amounts which the parties agreed would be contributed to fund the necessary costs of providing the selected level of benefits under the Plan.

61.  By withholding excess amounts from the paychecks of Plaintiff and other members of the Class in order to fund excessive payments to themselves and other MHS Network Providers, Defendants breached the terms of the payroll deduction agreement and caused damages to Plaintiff and members of the Class.

62.     Plaintiffs and members of the Class seek damages from Defendants in the amount of the excessive payroll deductions, as well as their reasonable and necessary attorney's fees and costs.

### Count VII
### (Alternative Claim for Common Law Unjust Enrichment against All Defendants Except Lacy)

63.     Plaintiff incorporates the foregoing allegations in this Complaint by reference.

64.     If Defendants contend ERISA provides no remedy directly to Participants for the acts and omissions alleged herein, Plaintiff and members of the Class assert the following alternative claim for unjust enrichment.

65.     By withholding excess amounts from the paychecks of Plaintiff and other members of the Class, Defendants have caused the unjust retention of a benefit to the loss of another, or the retention of money or property of another, against the fundamental principles of justice or equity and good conscience, and such funds should be returned to Plaintiff and members of the Class.

66.     Plaintiffs and members of the Class seek restitution from the Defendants in the amount of the excessive payroll deductions.

### JURY DEMAND

67.     Plaintiff and the members of the Class demand a trial by jury on their alternative claims in Counts VI and VII.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff on behalf of himself and the Class, prays for relief and judgment, as follows:

a.      Declaring this action to be a class action pursuant to Rule 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the Class defined herein;

b.      The appropriate equitable relief of restitution, disgorgement and/or surcharge pursuant to Section 502(a)(3) of ERISA;

c.      Declaratory and injunctive relief on behalf of the Plan pursuant to Section 502(a)(2) of ERISA;

d.      An award of Plaintiff's and the Class' reasonable and necessary attorney's fees in connection with the prosecution of this action pursuant to 29 U.S.C. 1132(g)(1) and the common fund doctrine;

e.      Alternatively, a judgment that Defendants' breached their payroll deduction contracts with Plaintiff and members of the Class and are liable for damages, pre- and post-judgment interest, and attorney's fees;

f.      Alternatively a judgment that Defendants have been unjustly enriched, and awarding Plaintiffs and members of the Class restitution in the amount of their excess contributions to the Plan; and

g.      Awarding other and further relief as this Court deems appropriate.

Respectfully submitted,

**DODGE & ASSOCIATES, P.C.**

Michael C. Dodge (TBN 05937000)
E-mail:  miked@texasatty.com
David W. Dodge (TBN 24002000)
E-mail:  davidd@texasatty.com
Christina Herrera (TBN 24043726)
E-mail:  christinah@texasatty.com
Regency Plaza
3710 Rawlins Street, Ste. 1600
Dallas, Texas 75219
Phone: (214) 273-3280
Fax:     (214) 273-3281

**WINOCOUR, RAY & SCARBROUGH**

J. Mark Scarbrough (TBN 24030140)
E-mail:  mscarbrough@winscar.com
Jonathan F. Winocour (TBN 24037730)
E-mail:  jwinocour@winscar.com
David P. Ray, III (TBN 24027766)
E-mail:  dray@winscar.com
1401 N. Central Expressway, Suite 201
Dallas, Texas 75080
(214) 575-6060
(214) 5775-6220 (FAX)

**DODGE LEGAL GROUP, P.C.**

Tisha L. Dodge (TBN 00797536)
E-mail:  tishad@dodgelegal.com
Regency Plaza
3710 Rawlins Street, Ste. 1600
Dallas, Texas 75219
Phone: (888) 314-5141
Fax:     (888) 314-5171

**ATTORNEYS FOR PLAINTIFF
AND THE CLASS**

℀JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

3-08CV0072-K

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Reed, Todd L. | Methodist Hosp. of Dallas; MedHealth; Meth. Transplant Physicians; Physician Associates of SW Dallas; John F. Lacy➕ |

**(b)** County of Residence of First Listed Plaintiff **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Dallas**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

See Attachment.

Attorneys (If Known)

Unknown.

JAN 15 2008

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☒ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
29 USC 1132

Brief description of cause:
Prohibited transaction under ERISA

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED

(See instructions):
JUDGE

DOCKET NUMBER

DATE
01/15/2008

SIGNATURE OF ATTORNEY OF RECORD
*Michael C. Dodge*

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                                Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference cases that are related to this filing, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is "related" to this filing if the case: (1) involves some or all of the same parties and is based on the same or similar claim; (2) involves the same property, transaction, or event; (3) involves substantially similar issues of law and fact; and/or (4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

ATTACHMENT TO CIVIL COVER SHEET

DODGE & ASSOCIATES, P.C.
Michael C. Dodge
David W. Dodge
Christina Herrera
Regency Plaza
3710 Rawlins Street, Ste. 1600
Dallas, Texas 75219
Phone: (214) 273-3280
Fax:    (214) 273-3281

WINOCOUR & SCARBROUGH
J. Mark Scarbrough
Jonathan F. Winocour
David P. Ray III
1401 N. Central Expressway, Suite 201
Dallas, Texas 75080
Phone: (214) 575-6060
Fax:    (214) 575-6220

**ATTORNEYS FOR PLAINTIFF**